UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDSEY B.,

              Plaintiff,                      Case No. 2:22-cv-12370
                                              Hon. Anthony P. Patti

V.

COMMISSIONER OF
SOCIAL SECURITY,

              Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S COUNSEL'S PETITION FOR AWARD OF ATTORNEY FEE PURSUANT TO 42 U.S.C. § 406(b) (ECF No. 16)

## I.    INTRODUCTION

### A. Procedural Background

On October 5, 2022, Lindsay B. ("Plaintiff") commenced this action, via counsel, for judicial review of the Commissioner's unfavorable decision.  (ECF No. 1.)  On February 6, 2023, the Court entered a stipulated order to remand (ECF No. 13) and entered judgment remanding the matter to the Social Security Administration (SSA) for further administrative proceedings (ECF No. 14). On March 7, 2023, the Court entered a stipulation and order awarding attorney fees in the amount of $7,000 under the Equal Access to Justice Act (EAJA), 28 U.S.C. §

2412. (ECF No, 15.)  Plaintiff's counsel reports that, thereafter, an Administrative Law Judge (ALJ) issued a favorable decision finding the Plaintiff "became disabled under [the Social Security Administration's] rules on August 24, 2019" (ECF No. 16, PageID.1392; ECF No. 16-2, PageID.1402).

On October 28, 2024, the SSA informed Plaintiff that he was "entitled to monthly disability benefits . . . beginning February 2020." (ECF No. 16-2, PageID.1401.)  *Inter alia*, the SSA noted it was "taking Part B (Medical Insurance) premiums due through October 2024 out of the check" in the amount of $174.70. (*Id.*, PageID.1403.)  The SSA also explained that it withheld "$16,535.00 from [her] past due benefits in case [it] need[ed] to pay [her] representative[,]" *i.e.,* an assumed 25% contingent fee. (*Id.*, PageID.1404.)

### B. The Instant Motion

On November 7, 2024, Attorney Bryan Konoski filed a petition for award of attorney fee pursuant to 42 U.S.C. § 406(b) (ECF No. 16), requesting "an award of attorney's fees in the amount of $16,535.00, reduced by the original EAJA fee award of $7,000, for a NET TOTAL FEE of $9,535.00" (*id.*, PageID.1391) in accordance with the contingent fee contract into which Plaintiff and Attorney Konoski entered on August 27, 2022 (ECF No. 16-2).  (ECF No. 16, PageID.1393.)

2

In the Commissioner's response, the Commissioner states that it "neither supports nor opposes counsel's request for attorney's fees in the amount of $9,535.00,[1] under 42 U.S.C. § 406(b)" (ECF No. 17, PageID.1414).[2]  The Commissioner notes that it takes "no position on the request to award a netted 406(b) award." (*Id.*, PageID.1416.)  The Commissioner further points out that if the Court grants counsel's request to award a net fee, rather than requiring counsel to refund the previously received EAJA fee, then the Court's reasonableness determination under section 406(b) must be based on the full amount of fees sought, not the net fee after offset.  The Commissioner requests that the Order distinguish between the full amount found reasonable under section 406(b) and the net amount awarded for payment purposes.  (*Id.*)  The Court does so below.

---

[1] The Commissioner notes that "Plaintiff moves for an attorney fee of $16,535.00, reduced by the Equal Access to Justice Act (EAJA) fee of $7,000.00 for a net total fee of $9,535.00."  (ECF No. 17, PageID.1414, citing ECF No. 16, PageID.1392.)

[2] The Commissioner also mentions in a footnote that the Plaintiff's motion did not indicate "what if any fees are being sought under 42 U.S.C. 406(a) as required by Local Rule 54.2(b)(4)."  (ECF No. 17, PageID.1414, n.2.)  Indeed, Plaintiff's motion did not include any request for fees pursuant to 42 U.S.C. 406(a), as that provision was never referenced and no such fees appear to be sought (ECF No. 16).  However, the Local Rule does not specifically reference subpart "a" of the statute; rather, it refers to § 406 as a whole. It is obvious to the Court from Petitioner's supporting time records (ECF No. 16-2) that the fees sought only relate to representation before the Court, under subsection "b," not to representation before the Commissioner under subsection "a."

Pursuant to Administrative Order 22-AO-035, this case was assigned to me. On January 12, 2023, the parties filed a Joint Statement Regarding Consent, confirming that both consented to my presiding.  (ECF No. 10.)

## II.   Discussion

While the Commissioner does not oppose the amount sought, the Court has an independent obligation to assess the reasonableness of a request for attorney fees under the statute.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *see also Lasley v. Commissioner of Social Sec.*, 711 F.3d 308, 310 (6th Cir. 2014). Indeed, as the Sixth Circuit has noted, "[t]he primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).  "The party requesting attorney fees bears the burden of establishing the number of hours and hourly rate are reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

A reasonable hourly rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, (1984)).  "In order to determine the local market rate, the court should rely on a combination of its own expertise and judgment." *Stryker Corp. v.*

*Prickett*, No. 1:14-01000, 2016 U.S. Dist. LEXIS 167120, at *8 (W.D. Mich. Dec. 5, 2016). The court may consider proof of rates charged in the community under similar circumstances, as well as opinion evidence of reasonable rates, *Wells v. Corporate Accounts Receivable*, 683 F.Supp.2d 600, 602 (W.D. Mich. 2010), and the benchmark for determining a reasonable hourly rate is the State Bar of Michigan's Economics of Law Practice Survey. *See Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F.App'x 498, 501-02 (6th Cir. 2006). "The district court has broad discretion in determining a reasonable hourly rate for an attorney." *Northeast Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016).

When analyzing large hourly fees, the Sixth Circuit has held that a 25% fee award is presumed reasonable. *See Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The court in *Rodriquez* observed two exceptions to that presumption: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. The Court finds that neither of the two exceptions apply in this case, and thus, Petitioner's request is presumptively reasonable. Here, the Social Security Administration has withheld $16,535.00 from Plaintiff's "past-due benefits" to pay Plaintiff's representative. (ECF No. 16, PageID.1392; ECF No. 16-2, PageID.1404.)

The Court has reviewed Petitioner's bill of costs in detail, which provides an itemization of 39.7 hours worked, with 5.5 of the hours being worked at a rate of $235.00 and 34.2 of the hours being worked at a rate of $236.25.  (ECF No. 16-2, PageID.1411.)  The rates listed on Petitioner's bill are based on the net fee amount but do not account for the previously awarded EAJA fee.  Including the previously awarded EAJA fee of $7,000, the recalculated hourly rate for the total fee of $16,535.00 is $416.50.  The court in *Hayes v. Sec'y of HHS*, 923 F.2d 418 (6th Cir. 1990) provides a guideline for reasonable hourly rates:

> We believe that, under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

*Id*. at 422.  The court believed that using a multiplier of two was appropriate as a floor "in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts.  Without a multiplier, a strict hourly rate limitation would ensure that social security attorneys would not, averaged over many cases, be compensated adequately."  *Id*.

There is no evidence that Petitioner acted improperly, ineffectively or put in merely a minimal effort, and the Court finds that the award would not result in a windfall to Petitioner.  A $416.50 hourly rate falls within the parameters set by the Sixth Circuit.  *See id*.  Attorney Konoski was admitted to the State Bar of New

6

York in January of 2003 and is an active member in good standing.[3]  Thus, he has been an attorney for more than twenty (20) years.  Here, half of Petitioner's hypothetical hourly rate is $208.25, placing him below the $315 median rate for attorneys with sixteen (16) to twenty-five (25) years of experience[4] and the $398 average rate for attorneys in New York.[5]

Furthermore, other courts in this District have approved similar and higher rates.  *See Beckrow v. Comm'r of Soc. Sec.,* No. 19-12834, 2022 WL 1050387, at *2 (E.D. Mich. Mar. 18, 2022) (Stafford, M.J.) ("A review of cases from this district reveals that an hourly rate of $250 to $500 is standard and doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny."), *report and recommendation adopted*, No. 2:19-CV-12834, 2022 WL 1050694 (E.D. Mich. Apr. 7, 2022) (Murphy, J.); *Har*dy v. Be*rryhill*, No. 18-10743, 2020 WL 4199608, at *3 (E.D. Mich. July 22, 2020) (Goldsmith, J.) ("The Court finds that an award of $23,175 is reasonable which equates to an effective hourly rate of $750.") (External citations omitted.)  In addition to my findings regarding the reasonableness of the hourly rate, I have

---

[3] *See* https://iapps.courts.state.ny.us, "Attorney Search" Registration number 4095899 (last visited July 8, 2025).

[4] *See* State Bar of Michigan: 2023 Economics of Law Report, "2023 Attorney Hourly Billing Rates by Years in Practice" (last visited July 8, 2025).

[5] *See* Clio.com "Hourly rates in New York" (last visited July 8, 2025).

carefully reviewed the itemized entries for the work done. Upon consideration, I further find that the hours charged are reasonable. Thus, the Court finds that an award of attorney fees in the amount of $16,535.00 is reasonable, (which shall, in turn, be reduced by the original EAJA fee award of $7,000 for a net total fee of $9,535.00), particularly in light of the "exceptional results" achieved (*see Ryder*, 2017 WL 2124517, at *2), recovering $68,504.00 in past benefits going back to 2020 (ECF No. 16-2, PageID.1402-03).

Finally, Plaintiff's counsel has certified that a copy of his November 7, 2024, motion was mailed to Plaintiff via the United States Postal Service (USPS) (ECF No. 16, PageID.1398). To date, Plaintiff has not filed any opposition.

## III. Order

For the reasons set forth above, Petitioner's November 7, 2024 motion for award of attorney fee pursuant to 42 U.S.C. § 406(b) (ECF No. 12) is **GRANTED**, **AWARDING** counsel a reasonable fee of $16,535.00 reduced by the original EAJA fee award of $7,000 for a net total fee of **$9,535.00**, and **DIRECTING** the Commissioner of Social Security to disburse **$9,535.00** from the representative fees withheld from Plaintiff Lindsay B.'s past-due benefits to Petitioner, Attorney Bryan Konoski, upon presentation of the Court's Opinion and Order.

Dated: July 29, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE